JUAN SIERRA CORDOVÉS, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1061. Submitted January 8, 1940.—Decided July 5, 1940.

*Luis Tirado-Géigel* for appellant. The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

To secure a promissory note to the order of Enrique Malaret, Federico Vázquez Calaf executed a mortgage on a piece of property located in Santurce. The promissory note turned up in the hands of Francisco San Miguel and his wife, Haydée Fuxench. They were apparently the holders of the said note for a period of time when, on the 17th of November 1939, they appeared before a notary and acknowledged the payment of the $800, etc., secured by the mortgage. When the deed of cancellation was presented to the registrar of San Juan, he denied its record in the following note:

"Denied.—The cancellation sought in this document is hereby denied taking into consideration the promissory note, because the mortgage which is cancelled appears to be attached for failure to pay inheritance taxes and also because the note which represents said mortgage was issued to Enrique Malaret, and he has not indorsed it to Francisco San Miguel and Haydeé Fuxench, nor to any one else. I deny the cancellation sought and instead take cautionary notice for one hundred and twenty days, on the margin of the 9th entry, property No. 4044, on page 217, volume 131 of Santurce Norte."

On appeal to this court the first citation of the appellant is section 71 of the Mortgage Law which reads as follows:

"Real property or property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered.

" * * * * * * *

The appellant insists that the word *"anotación"* refers to attachments and that this is made clearer by section 42 of the Mortgage Law when it says, for example, "He who, in accordance with the law, has obtained in his favor a writ of attachment which has been levied on real property of the debtor," and that we have so decided in *Antonsanti* v. *Registrar,* 9 P.R.R. 171.

However, reading sections 42 and 71, *supra,* we are inclined to think that the attachments to which they refer are those against property itself, and do not include an attachment against a mortgage credit recorded in the registry. What we mean to say is that the encumbrance or attachment here attempted is not against the property itself, but nominally against the mortgage credit.

Of course a creditor of an original payee might garnish the debt of such creditor by a proper proceeding in the District Court of San Juan, as by an attachment after judgment directed against the original debtor assuming, as we do, that the amount of the debt is owing to such creditor of the creditor. The facts before us, however, are different.

What happened was that Mr. Malaret who was the owner of the original promissory note made by the owner of the property, transferred the same to San Miguel and his wife, who claimed to be the owners and holders of the promissory note secured by the mortgage before us. Sierra, the present owner of the property, evidently knew or found out that San Miguel and his wife were the holders, if not the owners of the note, and proceeded to pay them the face value of the promissory note. Sierra obtained the cancellation of the note which is the object of the note of the registrar.

In one part of his brief, the appellant does suggest that the only proper way to attach this credit was by following it in the hands of the owners of the note. We feel bound to hold that there is nothing in the record to show that San Miguel and his wife had their interest in the note attached by the People of Puerto Rico.

We were a little doubtful of exactly what happened and we had copies of the annotation papers certified up to us. An examination of them reveals that nothing was done to notify the present supposed holders of the note made to Mr. Malaret.

Also, so far as it has any bearing, the annotation papers only say ''copy sent to Sierra.'' (*Copia enviada a Juan Sierra.*) Exactly what this copy contained we do not know except by this slight reference. Under these circumstances when Mr. Sierra paid the amount of the promissory note to San Miguel and his wife, the former became entitled to a release. It would have been difficult or impossible for San Miguel *et ux.* to refuse to accept payment.

The attachment, more especially, was not directed against Sierra, but against his creditor, Malaret. The attempt was to make the latter pay certain inheritance taxes due to the People of Puerto Rico. We feel bound to hold that nothing was done in the case to make Mr. Malaret subject to the attachment, especially as he had parted with all right, title, and interest in the promissory note.

The registrar also refused record to the cancellation because he maintained that the note had not been duly endorsed from Malaret to San Miguel and his wife. As pointed out by the appellant, and the examination of the note verifies it, the signature of Malaret does not appear in the back of the paper, but lower down on the extensive sheet on which the note was made. This was a sufficient indorsement in blank and made the instrument one payable to bearer, in the hands of Mr. San Miguel and his wife.

We are aware of the decision of this court in the case of *González* v. *Registrar,* 54 P.R.R. 320. In that case the cancellation was ordered subject to the rights that the creditor might have, but in the present case, we do not find it necessary to do so, because Mr. Sierra here is plainly a person

who has paid a debt, is the owner of the property, and is entitled to have it free from the debt.

The note of the registrar must be reversed and the absolute cancellation of the mortgage ordered.